## HUNT v. MURRAY *et al.*

1. **Statute:** TIME OF TAKING EFFECT. A statute contained the following pro-
vision: "This act, being deemed of immediate importance, shall take
effect from its publication in the Iowa State Register and the Des Moines
Times, newspapers published at Des Moines." *Held,* that the act took
effect from the date of such publication, notwithstanding the genera
provision of § 24 of the Revision of 1860.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 24.

THE facts are stated in the opinion of the court.

*C. C. Cole* for the appellant.

*Withrow & Smith* for the appellee.

LOWE, J. — Suit by attachment, which was levied on the
property of the defendant, Murray, on the 18th day of
September, 1862, who at that time was in the
actual military service of the United States. A
motion to release the property attached, for this
reason, was sustained, which is the only matter assigned
for error. It is conceded that if the act approved Septem-
ber 10th, 1862, passed for the relief of soldiers, page 9,
special session laws, had taken effect the day on which the
attachment was levied, the motion was properly sustained.

The last section of said act reads as follows : " This act
being deemed of immediate importance, shall take effect
from its publication in the Iowa State Register and the
Des Moines Times, newspapers published in the city of
Des Moines." The Secretary of State certifies that it was
published in said papers on the 17th day of September,
1862, being the day before the attachment was levied. It
will be observed that the act itself expressly fixes the time
when the same is to take effect, but the appellant insists

that under § 24 of the Revision, it did not take effect for twenty days after the date of publication. This law of the Code only prescribes a general rule to be observed when publication is ordered, but the papers in which, and the time when said act is to take effect, are omitted or not fixed. It does not, however, have the effect to render it incompetent for the legislature to specify in the law what papers it shall be published in, and when it shall take effect; and having done so, in the act now in question, and it appearing that the same was in force when the attachment was levied, the ruling of the court in sustaining the motion aforesaid will be

                                        Affirmed.

COLE, J., having been of counsel for one of the parties, took no part in the determination of this case.